NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-3221
_____

UNITED STATES OF AMERICA

v.

DANIEL M. FURESZ,
                    *Appellant*

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cr-00398-001)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Under Third Circuit LAR 34.1(a)
September 18, 2012

Before: SLOVITER, RENDELL, and HARDIMAN, Circuit Judges

(Filed: September 25, 2012)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Appellant Daniel Furesz pled guilty pursuant to a plea agreement to two counts of being a felon in knowing possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Furesz's motion to withdraw his guilty plea was denied by the District Court. He was subsequently sentenced to seventy months in prison. Furesz challenges the District Court's denial of his motion to withdraw his guilty plea and also argues that the seventy-month sentence was unreasonable.[1]

## A.

"We review a district court's ruling on a motion to withdraw a guilty plea for abuse of discretion." *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). A defendant may withdraw a plea of guilty if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden for establishing this reason is "substantial." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). In determining whether a defendant has satisfied the burden, a district court must consider three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* Furesz does not argue his innocence nor does he argue that the Government would not be prejudiced by the withdrawal of his plea. Instead, he contends that his guilty plea was not knowing,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

voluntary and intelligent because he was confused about the consequences of the plea agreement and because he signed it under duress. We conclude that the District Court did not abuse its discretion in determining that Furesz's plea was knowing, voluntary and intelligent, and accordingly refusing to permit Furesz to withdraw his guilty plea.

B.

A waiver is knowing and intelligent "if the defendant understands the nature of the right and how it would likely apply *in general* in the circumstances . . .," *United States v. Ruiz*, 536 U.S. 622, 629 (2002), and it is voluntary if it represents "the expression of his own choice." *Brady v. United States*, 397 U.S. 742, 748 (1970). Furesz contends that his waiver of a trial was flawed for several reasons: He had not completed the Rule 11 application form before the beginning of the hearing; he was initially confused about the difference between the plea agreement and the Rule 11 form; he misunderstood the term of imprisonment he was facing as reflected in a letter he wrote to the District Judge; he did not believe that the Government was going to "strenuously object" to his request for a variance; and he did not understand he was waiving his right to appeal. Appellant's Br. at 31. Furesz argues that his confusion was compounded by his *pro se* representation, an acrimonious relationship with his stand-by attorney, and his "logic and reasoning handicaps." Appellant's Br. at 33.

These arguments do not demonstrate that the District Court abused its discretion in refusing to grant the requested withdrawal. During the plea hearing the District Court gave Furesz a comprehensive guilty plea colloquy. It advised him of the maximum term

3

of imprisonment and the fine he faced. The Court also explained the advisory nature of the Sentencing Guidelines and how a Guidelines sentence is calculated. Furesz acknowledged that he understood the explanations.

In addition, the District Court questioned Furesz on his understanding of the waiver of appeal provision in the plea agreement and concluded that Furesz understood the waiver. At the same hearing the Government clearly reserved the right to challenge Furesz's contention that his criminal history was overstated. Moreover, the District Court's determination in the plea hearing that Furesz was "very intelligent," "understood the questions, . . . answered responsively," and "entered [the] plea agreement intelligently, knowingly and voluntarily" is supported by the Record and by the court-appointed mental-health professional who deemed Furesz competent. App. at 85. Finally, Furesz's contention that he was under duress at the hearing from an implicit threat of a higher sentence is belied by what the District Court observed as "calm and collected" behavior. App. at 189. *See also Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("[A]cceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process."). The District Court therefore did not abuse its discretion in refusing to allow Furesz to withdraw his guilty plea.

C.

Furesz's challenge to the substantive reasonableness of his sentence is precluded by the appellate waiver in his plea agreement. We review the validity of a waiver of a

right to appeal *de novo*. *See United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008). In his plea agreement, Furesz voluntarily waived the right to file any appeal under 18 U.S.C. § 3742 except "to appeal the sentencing court's determination of the criminal history category" or to challenge the imposition of a sentence outside the Guidelines range. App. at 47. Furesz, however, argues that the District Court's sentence was substantively unreasonable because it was "based on a criminal history category that vastly overstated the seriousness of Mr. Furesz's record." Appellant's Reply Br. at 2. This argument is not a challenge to the District Court's determination of Furesz's criminal history category, but to the Court's failure to grant his motion for a downward variance. It is therefore barred by his plea agreement. *Cf. United States v. Williams*, 510 F.3d, 416, 425-26 (3d Cir. 2007) (holding that request for departure in sentencing based on a criminal history category that "overstated" defendant's record violated plea agreement that prohibited departure requests but did not stipulate to a specific criminal history category).

For the reasons set forth, we will affirm the judgment of the District Court.